Michelle L. Roberts, State Bar No. 239092
 E-mail: mroberts@kantorlaw.net
Zoya Yarnykh, State Bar No. 258062
 E-mail: zyarnykh@kantorlaw.net
KANTOR & KANTOR, LLP
1050 Marina Village Pkwy., Ste. 105
Alameda, CA 94501
Telephone: (510) 992-6130
Facsimile:  (510) 280-7564

Glenn R. Kantor – State Bar No. 122643
 E-mail: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
RUBY CHACKO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY CHACKO,<br><br>             Plaintiff,<br><br>vs.<br><br>AT&T UMBRELLA BENEFIT PLAN NO. 3,<br><br>             Defendant. | CASE NO.: 19-861<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, Ruby Chacko ("Plaintiff"), herein sets forth the allegations of her Complaint against Defendant AT&T Umbrella Benefit Plan No. 3 ("the Plan").

PRELIMINARY ALLEGATIONS

1.      "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.  This action is brought for the purpose of recovering

benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan. Plaintiff seeks relief, including but not limited to, payment of the correct amount of benefits due hers under her plan, prejudgment and postjudgment interest, instatement to the benefit plan at issue herein, and attorneys' fees and costs.

2. The Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1). At all relevant times, the Plan offered, *inter alia*, long-term disability ("LTD") and life insurance benefits to participants, including Plaintiff.

3. The Plan may be found in the Eastern District of California because it is administered in this district to the extent it provides benefits to plan participants located in this district.

**FIRST CLAIM FOR RELIEF**
**AGAINST DEFENDANTS FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS**
**(29 U.S.C. § 1132(a)(1)(B))**

4. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

5. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

6. At all times relevant, Plaintiff was employed by AT&T, and was a covered participant under the terms and conditions of the Plan.

7. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the Plan.

8. While Plaintiff was covered under the Plan, Plaintiff became disabled as defined under the terms of the Plan as of October 30, 2017. Her last date worked was October 29, 2017.

9. Pursuant to the terms of the Plan, Plaintiff made a claim to the AT&T Integrated Disability Service Center ("IDSC") for benefits. AT&T IDSC assigned Plaintiff Claim Nos.

B825007082-0001-01 (Long Term Disability), and B825007082-0001-02 (Supplemental Disability).

10. By letters dated May 24, 2018, AT&T IDSC informed Plaintiff that her LTD and Supplemental LTD claims were approved with a payment commencement date of June 1, 2018.

11. Under Claim No. B825007082-0001-01, Plaintiff is entitled to receive a monthly payment of 50% of her predisability earnings, or $4,359.79. Under Claim No. B825007082-0001-02, Plaintiff is entitled to receive a monthly payment of 20% of LTD eligible pay, or $1,743.92.

12. Pursuant to the terms of the Plan, if Plaintiff is a long-term disability recipient, Plaintiff is entitled to receive basic life and supplemental life insurance coverage at no cost for up to three years as long as she continues to receive LTD benefits under the Plan.

13. By letter dated September 12, 2018, AT&T IDSC informed Plaintiff that it was terminating her LTD benefits starting from September 16, 2018 because it found that she could perform other gainful occupations such as a Systems Analyst and Systems Engineer.

14. Plaintiff timely appealed the termination of her benefits and provided medical and other evidence demonstrating that she met the Plan's definition of disability.

15. By letter dated May 13, 2019, AT&T IDSC informed Plaintiff that it was upholding its decision to deny benefits. It also informed Plaintiff that she has exhausted all mandatory appeal procedures under the Plan.

16. Plaintiff has been continuously disabled due to a medical condition under the terms of the Plan since she stopped working on October 29, 2017.

17. Defendant has breached the Plan and violated ERISA in the following respects:

(a) The Plan failed to pay LTD benefit payments to Plaintiff and approve her LTD claim at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits;

(b) The Plan failed to provide a prompt and reasonable explanation of the basis relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

(c) The Plan failed, after Plaintiff's claims were denied, to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary; and

(d) The Plan failed to properly and adequately investigate the merits of Plaintiff's LTD claim and failed to provide a full and fair review of Plaintiff's claim.

18. Following the denial of LTD benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan.

19. As a proximate result of the aforementioned wrongful conduct of the Plan, Plaintiff has damages for loss of disability benefits and the loss of life insurance coverage in a total sum to be shown at the time of trial.

20. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

21. The wrongful conduct of the Plan has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her right to future benefits under the terms of the Plan.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Declare that the Plan has violated the terms of the Plan by terminating Plaintiff's claim for disability benefits;

2. Order the Plan to pay LTD benefits to Plaintiff pursuant to the terms of the Plan from September 16, 2018 through the date judgment is entered herein; together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

3. Declare Plaintiff's right to reinstatement in the Plan and her right to receive future disability benefit payments and life insurance coverage under the terms of the Plan for as long as she remains disabled under the Plan's terms;

4.     In the alternative to the relief sought in paragraphs 1-3, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

5.     Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

6.     Such other and further relief as this Court deems just and proper.


DATED:  September 12, 2019                    KANTOR & KANTOR, LLP

                                        By:   /s/ Michelle L. Roberts
                                              Michelle L. Roberts
                                              Attorneys for Plaintiff,
                                              RUBY CHACKO