UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY CHACKO, | No. 2:19-cv-1837 JAM DB |
| Plaintiff, | |
| v. | ORDER |
| AT&T UMBRELLA BENEFIT PLAN NO. 3, | |
| Defendant. | |

On March 13, 2020, this matter came before the undersigned pursuant to Local Rule 302(c)(1) for hearing of plaintiff's motion to compel. (ECF No. 24.) Attorney Michelle Roberts appeared telephonically on behalf of plaintiff and attorney Stacey Campbell appeared telephonically on behalf of defendant.

As explained in the parties' Joint Statement re Discovery Disagreement, plaintiff seeks to compel discovery, in part, as to the completeness of the administrative record in this action. This action cannot proceed in the absence of a complete administrative record and discovery into the completeness of the administrative record is permissible. See Crosby v. Louisiana Health Service and Indem. Co., 647 F.3d 258, 263-64 (5th Cir. 2011) ("Here, Crosby sought to discover evidence that would indicate whether the administrative record was complete . . . . Her discovery request was at least reasonably calculated to lead to the discovery of some admissible evidence."); Gonda

v. Permanente Medical Group, Inc., 300 F.R.D. 609, 614 (N.D. Cal. 2014) (ordering production so that plaintiff could "determine whether it was included in the administrative record").

At oral argument, defendant asserted that they have produced the complete administrative record. If so, that would seem to be the appropriate response to any such discovery requests. That, however, is for defendant to determine.

Plaintiff also seeks "conflict-of-interest discovery." (ECF No. 25 at 14.) Whether to permit such discovery depends on the applicable standard of review. "[A] district court may review only the administrative record when considering whether the plan administrator abused its discretion, but may admit additional evidence on de novo review." Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 970 (9th Cir. 2006); see also Taft v. Equitable Life Assur. Soc., 9 F.3d 1469, 1471 (9th Cir. 1993) ("it was inappropriate for the district court to examine evidence at trial that was not part of Equitable's administrative record"). Nonetheless, "[a] conflict of interest is a factor in the abuse-of-discretion review, the weight of which depends on the severity of the conflict." Demer v. IBM Corporation LTD Plan, 835 F.3d 893, 900 (9th Cir. 2016).

Plaintiff argues that "[d]ocuments produced to date demonstrate the existence of a conflict of interest on the part of Defendant" justifying such discovery. (ECF No. 25 at 14.) In this regard, plaintiff argues that under the long-term disability plan at issue AT&T is the Plan Sponsor, AT&T Services, Inc., is the Plan Administrator, and Sedgwick Claims Management Services, Inc., ("Sedgwick"), the Claims Administrator. (Id.) Plaintiff argues that under this plan it is AT&T Services—the Plan Administrator—that has the discretionary authority with respect to management of the plan. (Id.)

A conflict of interest exists where "an employer who administered an ERISA benefit plan . . . both evaluated claims and paid for benefits." Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 112 (2008). Here, however, the plan states:

> The Claims Administrator has been delegated the complete discretionary fiduciary responsibility for all disability determinations by the Plan Administrator to determine whether a particular Eligible Employee who has filed a claim for benefits is entitled to benefits under the Program, to determine whether a claim was properly

////

> decided, and to conclusively interpret the terms and provisions of the Program. Such determinations and interpretations shall be final and conclusive.

(Ex. A-1 (ECF No. 25-2) at 7.)

There is no conflict of interest where "the Plan's administrator [has] delegated the duty to decide claims to unconflicted third parties, removing any inherent or structural conflict of interest." Scoles v. Intel Corporation Long Term Disability Benefit Plan, 657 Fed. Appx. 667, 668 (9th Cir. 2016). Here, the plan delegates the duty to decide claims to a third party, Sedgwick.

And the Ninth Circuit appears to have found no conflict present in the very plan at issue here. See Day v. AT&T Disability Income Plan, 698 F.3d 1091, 1096 (9th Cir. 2012) ("The Plan is funded by AT&T and not Sedgwick, and administered by Sedgwick and not AT&T."). Plaintiff argues that it "does not appear that Day pursued any discovery or fully investigated the relationship between the Plan and Sedgwick." (ECF No. 25 at 16.) But Day was not the only court to reach this same conclusion. See, e.g., Clay v. AT&T Umbrella Benefit Plan No. 3, No. 2:17-cv-0749 KJM KJN PS, 2019 WL 5682825, at *3 (E.D. Cal. Nov. 1, 2019) ("Here, Defendant has delegated to Sedgwick its authority 'to determine all claims and appeals for benefits under the [disability] Program.' Defendant's delegation to Sedgwick indicates abuse of discretion is the appropriate standard of review."); James v. AT&T West Disability Benefits Program, 41 F.Supp.3d 849, 873 (N.D. Cal. 2014) ("Here, the facts show that the plan is self-funded and Sedgwick is the third-party claims administrator. Sedgwick is not financially associated with AT&T Services, Inc., does not have a role in the plan's funding, and is paid a flat fee for its services regardless of its claims approval. Where the party that must pay the benefits and the party that administers the benefits are not the same, there is little risk, if any, of a conflict of interest."); Bennetts v. AT&T Integrated Disability Service Center, 25 F.Supp.3d 1018, 1027 (E.D. Mich. 2014) ("AT&T and Sedgwick are separate entities, and therefore there is no conflict of interest.").

////

////

////

When asked at oral argument to cite to a case issued after <u>Day</u> that supported a finding that discovery was permissible here, plaintiff relied on <u>Demer</u>, 835 F.3d 893.  In <u>Demer</u>, however, not only was the Ninth Circuit presented with "evidence of a conflict of interest," but the same entity was the claim administrator and plan insurer.  <u>Id.</u> at 900.  That is not the case here.

In this regard, the undersigned cannot agree with plaintiff's assertion that "[d]ocuments produced . . . demonstrate the existence of a conflict of interest[.]"  (ECF No. 25) at 14.)  At oral argument plaintiff essentially argued that discovery was necessary to determine if a conflict existed.  If that were the standard, however, discovery would always be permissible.  That is not to say that discovery is never permissible.  However, plaintiff has presented nothing to show even the appearance of a conflict of interest which would justify conflict-of-interest discovery.  See <u>Murphy v. Deloitte & Touche Group Ins. Plan</u>, 619 F.3d 1151, 1163 (10th Cir. 2010) ("The party moving to supplement the record or engage in extra-record discovery bears the burden of showing its propriety.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 21, 2020 motion to compel (ECF No. 24) is granted as to discovery related to the completeness of the administrative record;

2. Plaintiff's February 21, 2020 motion to compel (ECF No. 24) is denied in all other respects; and

3. Within twenty-one days defendant shall produce responsive discovery.

Dated:  March 13, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\chacko1837.oah.0313