UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY CHACKO,<br><br>    Plaintiff,<br><br>  v.<br><br>AT&T UMBRELLA BENEFIT PLAN NO. 3,<br><br>    Defendant. | No. 2:19-cv-01837-JAM-DB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR RECONSIDERATION** |

Before this Court is Plaintiff's request for reconsideration, ("Mot.") ECF No. 32, of the Magistrate Judge's ruling granting in part and denying in part Plaintiff's motion to compel, March 16, 2020 Order ("Order"), ECF No. 29. Plaintiff requests that the Court overrule the Magistrate Judge's findings and grant the motion to compel as it pertains to conflict-of-interest discovery. Mot. at 9. For the reasons stated below this Court GRANTS in part and DENIES in part Plaintiff's request for reconsideration.

///

///

1

1    I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND
2         Plaintiff Ruby Chacko ("Plaintiff") was a participant in
3    Defendant AT&T Umbrella Benefit Plan No. 3 ("Defendant" or "the
4    Plan").  Mot. at 2.  The Plan is an employee-benefit plan that
5    provides long-term disability ("LTD") benefits.  Id.  It is
6    governed by the Employee Retirement Income Security ACT of 1974
7    ("ERISA").  Id.
8         Plaintiff filed this suit against Defendant, seeking to
9    reinstate her LTD benefits.  Compl. ECF No. 1.  At issue is a
10   discovery dispute between the Plan and Plaintiff.  Mot. at 2.
11   Plaintiff filed a Motion to Compel, seeking discovery responses
12   from Defendant regarding the Administrative Record and the Plan's
13   alleged conflict of interest.  Mot. to Compel, ECF 24.  Defendant
14   opposed all discovery in the case.  Response to Req. for
15   Reconsideration ("Response"), ECF No. 33, at 2.  Specifically,
16   Plaintiff moved to compel: (1) the completeness of the
17   Administrative Record; (2) conflict-of-interest discovery
18   concerning the relationship between the Plan and its third-party
19   administrator, Sedgwick; and (3) conflict of interest discovery
20   concerning a vendor and physician retained by Segdwick to
21   evaluate Plaintiff's claim.  Mot. at 2.
22        The Magistrate Judge held a telephonic hearing on
23   Plaintiff's motion to compel on March 13, 2020.  Transcript of
24   Proceedings, ECF No. 31.  At the hearing, the Magistrate Judge
25   granted the motion to compel as it pertained to the
26   Administrative Record but took the two issues on conflict-of-
27   interest discovery under submission.  Id.  Three days later, the
28   Magistrate Judge issued an order denying Plaintiff's motion as to

the conflict-of-interest discovery.  Order at 4.

## II.  OPINION

### A.  Legal Standard

A magistrate's ruling on non-dispositive matters, including motions to compel, must not be disturbed unless "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); E.D. Local Rule 303(f).  The "clearly erroneous" standard applies to "factual determinations and discretionary decisions."  Nevis v. Rideout Memorial Hospital, No. 2:17-cv-02295, 2019 WL 6310155 at *1 (E.D. Cal. Nov. 25, 2019).  A finding is only clearly erroneous, when the district court is "left with a 'definite and firm conviction that a mistake has been committed.'"  Cohen v. U.S. Dist. Court. For N. Dist. Of California, 568 F.3d 703, 708 (9th Cir. 2009)(citations omitted).  In contrast, the "contrary to law standard," allows the independent review "of purely legal determinations by the magistrate judge."  Enns Pontiac, Buick, & GMC Truck v. Flores, N0. 1:07-cv-01043-LJO-BAM, 2012 WL 639541 at *4 (E.D. Cal. Feb. 27, 2012).  A magistrate judge's decision is "contrary to law," if it "contradict[s] or ignore[s] applicable precepts of law, as found in the Constitution, statutes or case precedent."  Id.

### B.  Analysis

#### 1.  Structural Conflict of Interest

Plaintiff seeks reconsideration of the Magistrate Judge's denial of conflict of interest discovery concerning the relationship between the Plan and its third-party administrator. Mot. at 3.

1    In denying discovery on this issue, the Magistrate Judge
2 found there is no structural conflict of interest, where as
3 here, the benefit "Plan's administrator [has] delegated the duty
4 to decide claims to unconflicted third parties . . . ." Id.
5 (quoting Scoles v. Intel Corporation Long Term Disability
6 Benefit Plan, 657 Fed. Appx. 667, 668 (9th Cir. 2016)).  More
7 importantly, the Magistrate Judge found the Ninth Circuit had
8 already determined there was no structural conflict of interest
9 present "in the very plan at issue here." Id. (citing Day v.
10 At&T Disability Income Plan, 698 F.3d 1091, 1096 (9th Cir.
11 2012)).  This Court has reviewed the Magistrate Judge's findings
12 and finds them to be correct.  Plaintiff's arguments for
13 reconsideration are not persuasive.
14    Upon review of this issue, the Court does not find the
15 Magistrate Judge's ruling denying Plaintiff's motion to compel as
16 to the structural conflict-of-interest discovery to be clearly
17 erroneous or contrary to law.  Plaintiff's request for
18 reconsideration on this issue is DENIED.
19         2.   Retained Expert's Conflict of Interest
20    Plaintiff also seeks reconsideration of the Magistrate
21 Judge's ruling denying discovery on financial conflict-of-
22 interest concerning the independent physician consultants.  Mot.
23 at 5.  Plaintiff argues this ruling is contrary to law, as it
24 "applies too narrow of a reading of the Ninth Circuit's decision
25 in Demer v. IBM Corporation LTD Plan, 835 F.3d 893 (9th Cir.
26 2016)." Id.  This Court agrees.
27    In Demer, the plaintiff similarly challenged the denial of
28 his disability benefits, and argued the Plan had two conflicts

4

1  of interests that warranted the court's standard of review to be
2  "tempered by skepticism."  835 F.3d at 899-900.  First, MetLife
3  was both the claim administrator for the Plan and its insurer.
4  Id. at 900.  Second, Plaintiff alleged there was a financial
5  conflict of interest surrounding physicians MetLife hired to
6  review the medical record.  Id.
7       The Ninth Circuit addressed these two issues separately.
8  First, it noted the district court found MetLife had a
9  structural conflict of interest because it both evaluated the
10 claims and funded the claims.  Id.  Yet the district court did
11 not temper its standard of review with skepticism, because
12 MetLife "had taken affirmative steps to reduce potential bias
13 and promote accurate claim determinations."  Id.  Although
14 Plaintiff challenged the district court's reasoning, the Ninth
15 Circuit neglected to resolve this first issue.  Instead, it
16 found that even if the district court's ruling was correct,
17 "some skepticism [was] warranted here because of the financial
18 conflict" surrounding the Independent Physician
19 Consultants("IPCs").  Id. at 901.
20      In addressing the second question, the Ninth Circuit
21 clarified that a financial conflict of interest "is distinct
22 from the purported structural conflict of interest."  Id.  In
23 other words, even if MetLife lacked any structural conflict of
24 interest, that did "not preclude MetLife from having a conflict
25 of interest based on an IPC's financial interest."  Id.  The
26 court held that Plaintiff's evidence that the IPC's earned a
27 substantial amount of money from MetLife each year and had also
28 performed a substantial number of reviews for MetLife, "raise[d]

a fair inference that there is a financial conflict." Id. at 902. It therefore found this evidence should be considered in reviewing MetLife's decision for an abuse of discretion.

In the March 16 Order, the Magistrate Judge distinguished Demer, since unlike here, the Demer Plan had "the same entity [as] the claim administrator and plan insurer." Order at 4. It is true that here the Plan does not have an underlying structural conflict of interest, since the claim administrator and plan insurer are two separate entities. However, the Magistrate Judge's decision to distinguish Demer because it had an underlying structural conflict of interest, runs contrary to law. Whether the Plan has an underling structural conflict of interest is irrelevant to the question of an alleged financial conflict of interest. Demer, 835 F.3d at 901. That the Plan does not have an underlying structural conflict of interest, does not preclude it from having a financial conflict. Id.

The Magistrate Judge further distinguished Demer because there the plaintiff had presented the court with "evidence of a conflict of interest." Order at 4. Indeed, the court in Demer placed the burden on the plaintiff "to produce evidence of a financial conflict sufficient to warrant a degree of skepticism." 835 F.3d at 902. Here, the Plaintiff has not done so. Instead, Plaintiff asks the court to allow discovery on this issue so that it can then produce evidence of a conflict of interest. Mot. at 6. Unpersuaded, the Magistrate Judge ruled that "if that were the standard . . . discovery would always be permissible." Order at 4. This Court disagrees.

As Plaintiff notes, Demer was an appeal on a motion for

1  summary judgment. Mot. at 6. Therefore, the plaintiff in that
2  case had already "obtained the information about the reviewing
3  doctors through discovery at the district court." Id. If the
4  plaintiff had not been permitted to engage in such discovery, he
5  would not have been able to meet the evidentiary burden
6  concerning a conflict of interest at the summary judgment stage.
7      It is for that reason that courts within this circuit have
8  allowed discovery of potential IPC's financial conflicts. See
9  e.g., Wojno v. Cigna Grp. Ins., No. cv 10-07238-JAK JEMX, 2011
10 WL 3236025, at *2 (C.D Cal. July 21, 2011)(allowing discovery
11 because plaintiff had explained the relevance of payment
12 information to the IPC's credibility). In fact, the Ninth
13 Circuit has held that consideration of evidence outside of the
14 administrative record is permissible "to determine the
15 appropriate weight to accord the conflict of interest factor" in
16 an ERISA action alleging that LTD benefits were wrongfully
17 terminated. Wilcox v. Wells Fargo and Co. Long Term Disability
18 Plan, 287 F. App'x 602, 603 (9th Cir. 2008). Finally, although
19 not binding authority, this Court is persuaded by the Northern
20 District of California's recent decision in Dimry v. Bert
21 Bell/Pete Rozelle NFL Retirement Plan, et al., (ECF No. 34)
22 which allowed financial discovery for the same reason raised by
23 Plaintiff here. No. 19-CV-05560-JSC, 2020 WL 1865192 (N.D. Cal.
24 Apr. 14, 2020)(holding in light of Demer, that "the Plan should
25 produce its agreements with the independent physicians (as well
26 as compensation) as those agreements might reveal a financial
27 incentive to rule in favor of the plan.").
28     Therefore, the Court finds the Magistrate Judge's ruling

7

denying Plaintiff's motion to compel as to discovery of a potential financial conflict to be contrary to law.  Plaintiff's request for reconsideration on this issue is therefore GRANTED.

### III.  ORDER

For the reasons set forth above, the Court GRANTS in part and DENIES in part Plaintiff's Request for Reconsideration.

IT IS SO ORDERED.

Dated: April 27, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE