UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY CHACKO, | No. 2:19-cv-1837 JAM DB |
| Plaintiff, | |
| v. | ORDER |
| AT&T UMBRELLA BENEFIT PLAN NO. 3, | |
| Defendant. | |

On August 7, 2020, this matter came before the undersigned pursuant to Local Rule 302(c)(1) for hearing of plaintiff's motion to compel. (ECF No. 41.) Attorney Michelle Roberts appeared via Zoom on behalf of plaintiff and attorney Stacey Campbell appeared via Zoom on behalf of defendant. Oral argument was heard and plaintiff's motion was taken under submission.

This matter was last before the undersigned on March 13, 2020, for hearing of a motion to compel brought by plaintiff. (ECF No. 29.) Plaintiff's motion sought to compel discovery related to: (1) the completeness of the Administrative Record; (2) conflict-of-interest discovery concerning the relationship between the Plan and its third-party administrator, Sedgwick; and (3) conflict of interest discovery concerning a vendor and physician retained by Segdwick to evaluate plaintiff's claim. On March 16, 2020, the undersigned issued an order granting the motion to

1  compel as to discovery related to the completeness of the record and denying the motion in all
2  other respects.  (ECF No. 29.)

3  On March 26, 2020, plaintiff sought reconsideration before the assigned District Judge.
4  (ECF No. 32.)  On April 27, 2020, the assigned District Judge issued an order denying plaintiff's
5  motion for reconsideration as to the structural conflict-of-interest discovery and granting
6  reconsideration "as to discovery of a potential financial conflict[.]"  (ECF No. 37 at 8.)  On July
7  31, 2020, plaintiff filed the current pending motion to compel.  (ECF No. 41.)

8  Plaintiff argues that the assigned District Judge's order foreclosed all of defendant's
9  objections.  (JS (ECF No. 42) at 15.)  Accordingly, plaintiff seeks an order not only compelling
10 discovery but sanctioning defendant.  (Id. at 1, 18.)  Defendant argues that the assigned District
11 Judge's order did not foreclose the asserted objections.  (Id. at 21.)

12 As to plaintiff's request for sanctions, Federal Rule of Civil Procedure Rule 37 "contains a
13 mandatory requirement for the allowance of expenses and attorney's fees to the prevailing party
14 when the motion is either granted or denied."  H. K. Porter Co., Inc. v. Goodyear Tire & Rubber
15 Co., 536 F.2d 1115, 1124 (6th Cir. 1976).  However, "[a] court must not order expenses if: '(i) the
16 movant filed the motion before attempting in good faith to obtain the disclosure or discovery
17 without court action; (ii) the opposing party's nondisclosure, response, or objection was
18 substantially justified; or (iii) other circumstances make an award of expenses unjust.'"
19 Kannaday v. Ball, 292 F.R.D. 640, 651 (D. Kan. 2013).

20 Here, although the assigned District Judge's order did grant reconsideration in part as to a
21 category of discovery, the order did not order defendant to respond to specific discovery requests.
22 In this regard, the undersigned finds that defendant's objections were substantially justified.
23 Accordingly, the undersigned will not award plaintiff sanctions.

24 However, as to the discovery at issue, it appears to the undersigned that the assigned
25 District Judge's April 27, 2020 order, clearly contemplated plaintiff conducting discovery of the
26 type at issue here.  See ECF No. 37 at 7 ("If the plaintiff had not been permitted to engage in such
27 discovery, he would not have been able to meet the evidentiary burden concerning a conflict of
28 ////

2

interest at the summary judgment stage.  It is for that reason that courts within this circuit have allowed discovery of potential IPC's financial conflicts.").

Moreover, defendant's arguments in support of its objections are sparse and vague. Defendant asserts that certain discovery is "unduly burdensome and not proportional to the needs of this case," without providing any specificity as to the contours of that burden.  (JS (ECF No. 42) at 22.)  There's no discussion of: (1) how burdensome; (2) a specific discovery item is.  And at the August 7, 2020 hearing, defense counsel's argument seriously called into question the extent to which defendant even inquired as whether responsive documents existed, let alone how burdensome it would be, if at all, to produce those documents.

Defendant also argues that the information sought should be subject to a protective order. (JS (ECF No. 42) at 25.)  Again, however, defendant's argument is vague and conclusory. Moreover, if defendant has discovery that should be produced subject to a protective order, defendant should first seek a stipulation from plaintiff.  If the parties are unable to agree on a stipulated protective order, defendant may then seek the court's intervention.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 31, 2020 motion to compel discovery (ECF No. 41) is granted;

2. Defendant shall produce responsive discovery within twenty-one days; and

3. Plaintiff's July 31, 2020 request for sanctions is denied.

Dated:  August 11, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\chacko1837.oah.080720