UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY CHACKO,<br><br>              Plaintiff,<br><br>      v.<br><br>AT&T UMBRELLA BENEFIT PLAN NO. 3,<br><br>              Defendant. | No.  2:19-cv-1837 JAM DB<br><br><br>ORDER |

On November 6, 2020, this matter came before the undersigned pursuant to Local Rule 302(c)(1) for hearing of plaintiff's motion to compel and defendant's motion for a protective order. (ECF Nos. 49 & 52.) Attorney Michelle Roberts appeared via Zoom on behalf of plaintiff and attorney Stacey Campbell appeared via Zoom on behalf of defendant. Oral argument was heard and the motions were taken under submission.

The crux of the parties' dispute concerns whether defendant has the contractual authority to demand its claims administrator, Sedgwick, and its vendor, NMR, produce responsive documents. Plaintiff argues that "[t]he current iteration of the Contract between AT&T and Sedgwick contain . . . provisions which . . . demonstrate that Defendant does continue to control documents and information requested by Plaintiff." (JS (ECF No. 50) at 16.) In support of this argument plaintiff cites to exhibit 3 of the declaration submitted by plaintiff's counsel. (Id.)

At the November 6, 2020 hearing, plaintiff's counsel asserted that exhibit 3 was a complete copy of the contract at issue in this action between defendant and Sedgwick. However, the contract's pages appear to be numbered at the bottom of each page. The first page of the contract provided is numbered "5." (Roberts Decl. (ECF No. 50-1) at 31.) The following page is numbered "10." (Id. at 32.) The next page is numbered "25." (Id. at 32.) The exhibit continues in this fashion for many pages before reaching a page numbered "38." (Id. at 42.) The next page bears a page numbered "53." (Id. at 43.)

Sections of the contract are also numbered and many sections appear to be missing. For example, the contract page numbered 25 ends with section "3.17," while the following page of the exhibit begins with section "3.26." (Id. at 33-34.) And most pages of the exhibit have information that has been redacted. In this regard, it does not appear to the undersigned that a complete copy of the contract at issue has been submitted.

Defendant argues that the contract explicitly provides that neither defendant nor Sedgwick "has any obligation to the other Party with respect to information which… is lawfully received from a third party… [or] is independently developed by the receiving Party or a third party[.]" (JS (ECF No. 50) at 20.) Defendant cites to defendant's exhibit 8, specifically "§ 3.13(c)." (Id.) Review of defendant's exhibit 8 finds that defendant has also only provided a portion of the contract at issue. And that while defendant has provided the beginning of § 3.13, the document provided does not contain § 3.13(c). (Def.'s Ex. 8 (ECF No. 50-2) at 8-9.)

Nonetheless, plaintiff has submitted a portion of the contract that explicitly provides that Sedgwick "shall maintain complete and accurate records relating to the Work and the performance" of the contract and that Sedgwick "shall provide to" defendant "all . . . records, including financial records relating to the invoices, and payment obligations and supporting documentation[.]" (Id. at 36.)

Moreover, this is plaintiff's third motion to compel this discovery, the third time defendant has opposed production of this discovery, but the first time defendant has asserted that the responsive documents at issue are not under defendant's control. On August 11, 2020, the undersigned granted plaintiff's second motion to compel and ordered defendant to produce

responsive documents. (ECF No. 44.) Thereafter, defense counsel "went back to Sedgwick and NMR to request information responsive to Plaintiff's requests" but was informed, apparently for the first time, that "neither NMR nor Sedgwick would produce any additional documents or information—to the extent they were in possession of any—unless subpoenaed by a court to do so." (JS (ECF No. 50) at 19.)

Despite the contractual language quoted above, defendant now takes the position that it has no authority to required Sedgwick to provide any documents. The undersigned finds defense counsel's explanation for the failure to previously assert this argument, found in the Joint Statement and as articulated at the November 6, 2020 hearing, unpersuasive. "[T]he party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." Louisiana Pacific Corp. v. Money Market 1 Institutional Inv. Dealer, 285 F.R.D. 481, 485 (N.D. Cal. 2012).

Here, in opposing plaintiff's second motion to compel defendant failed to satisfy its burden. Defendant now attempts to assert a new argument in an effort to avoid producing responsive documents yet again. But defendant has again failed to satisfy its burden, or articulate why it should be given yet another bite at the apple to avoid producing discovery the undersigned has already ordered produced. Plaintiff's motion to compel, therefore, will be granted with respect to any responsive documents in the possession of Sedgwick.

However, to the extent plaintiff also seeks documents from NMR, plaintiff has not produced any persuasive argument or evidence establishing a contractual relationship between defendant and NMR as it relates to the production of the discovery at issue. Moreover, plaintiff's request for terminating sanctions will be denied as unjustified at this time. See Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011) ("dismissal is a harsh penalty imposed only in extreme circumstances").

////

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 30, 2020 motion to compel discovery (ECF No. 49) is granted as articulated above;

2. Defendant shall produce responsive discovery within twenty-one days; and

3. Defendant's October 30, 2020 motion for a protective order (ECF No. 52) is denied.

Dated: November 9, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\chacko1837.oah.110620