UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY CHACKO, | No. 2:19-cv-1837 JAM DB |
| Plaintiff, | |
| v. | ORDER |
| AT&T UMBRELLA BENEFIT PLAN NO. 3, | |
| Defendant. | |

On March 26, 2021, plaintiff filed a motion to compel and noticed the motion for hearing before the undersigned on April 2, 2021, pursuant to Local Rule 302(c)(1). (ECF No. 67.) On March 26, 2021, the parties filed a Joint Statement re Discovery Disagreement. (ECF No. 68.) Review of the Joint Statement finds that the nature of the parties' dispute is—thankfully—uncommon but nonetheless disappointing.

In this regard, the March 26, 2021 motion is plaintiff's fourth motion to compel discovery from defendant. Moreover, the motion seeks to compel discovery that the undersigned already ordered defendant to produce. Specifically, on November 9, 2020 the undersigned issued an order granting plaintiff's third motion to compel and ordering defendant to produce responsive discovery within twenty-one days. (ECF No. 55 at 4.) The parties' March 26, 2021 Joint Statement reflects that defendant has largely failed to comply with that order.

1

1  Although the undersigned granted plaintiff's prior motion to compel on November 9, 2020, and ordered defendant to produce responsive discovery within twenty-one days, with respect to some items of discovery defendant "did not initially supplement its response because it did not discover any new facts[.]" (JS (ECF No. 68) at 6.)  But then "on March 18, 2021," perhaps in light of the pending motion to compel coming before the undersigned, but also "in an effort to reduce the number of disputed issues . . . tendered a third supplement response[.]"  (JS (ECF No. 68) at 6.)

It appears from defendant's third supplemental response and arguments asserted in the March 26, 2021 Joint Statement that defendant believes it can perpetually assert new arguments and objections to the production of discovery.  In this regard, in the November 9, 2020 order the undersigned noted that despite three prior rounds of argument over the discovery at issue defendant for "the first time . . . asserted that the responsive documents at issue are not under defendant's control." (ECF No. 55 at 2.)  And defendant's portion of the March 26, 2021 Joint Statement refers to arguments about responsive documents being "not discoverable because the burden and privacy concerns to third-party individuals," not "proportional to the needs of the case," or relevant.  (Id. at 17, 19.)

However, the time for arguing about relevancy, objections, proportionality, etc., has passed.  The undersigned already ordered defendant to produce responsive discovery.  To put it plainly, that ship has sailed.  Defendant must produce any responsive discovery in its control or within its ability to obtain.

In this vein, defendant argues that some responsive discovery may be in control of a third party, Sedgwick.  (Id. at 6-7.)  However, the undersigned found defendant's reliance on this argument unpersuasive given defendant's failure to assert it initially and plaintiff's production of contractual language between defendant and Sedgwick that obligates Sedgwick to "provide to" defendant "all . . . records, including financial records relating to the invoices, and payment obligations and supporting documentation[.]"  (ECF No. 55 at 2.)

In the March 26, 2021 Joint Statement defendant asserts that Sedgwick refused to produce the responsive documents to defendant.  The undersigned accepts this representation as true.  But

2

defendant did not seek or obtain reconsideration of the November 9, 2020 order. Defendant must comply with that order. And compliance requires more than standing on Sedgwick's unwillingness to provide the documents. It requires defendant to obtain the responsive documents it is contractually entitled to and produce them to plaintiff.

Given defendant's conduct it appears an award of monetary sanctions may be appropriate if plaintiff's motion to compel is granted. See Navellier v. Sletten, 262 F.3d 923, 947 (9th Cir. 2001) ("Sanctions may be warranted under Federal Rule of Civil Procedure 37(b)(2) for failure to obey a discovery order as long as the established issue bears a reasonable relationship to the subject of discovery that was frustrated by sanctionable conduct."); Wm. T. Thompson Co. v. General Nutrition Corp., Inc., 104 F.R.D. 119, 121 (D.C. Cal. 1985) ("motion to compel under Fed. R. Civ. P. 37(a) is not a prerequisite to the imposition of sanctions under Rule 37(b). All that is required is 'an order to provide or permit discovery' and the violation of the discovery order.").

The parties' Joint Statement does not provide sufficient briefing as to the amount and calculations of the monetary sanctions sought by plaintiff. Moreover, the undersigned is hopeful that the parties may be able to further narrow, if not eliminate, this dispute with further meet and confer efforts.

Accordingly, IT IS HEREBY ORDERED that:

1. The April 2, 2020 hearing of plaintiff's motion to compel (ECF No. 67) is continued **May 7, 2021**, at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27, before the undersigned[1];

////

---

[1] The undersigned is cognizant of plaintiff's April 27, 2021 deadline for filing a motion for summary judgment. Unfortunately, as plaintiff acknowledged in the Joint Statement, a motion to compel needed to be brought well before April 2, 2021 to avoid plaintiff being "prejudiced with a deadline for her motion for summary judgment falling in April." (JS (ECF No. 68) at 11.) Even if the undersigned heard the matter on April 2, 2021, the drafting, issuing, and time for complying with the order on the motion would have taken plaintiff near or passed the April 27, 2021 deadline. Defendant is cautioned that, while the undersigned cannot alter the deadlines set in this action, there is no deadline on the undersigned's ability to ensure compliance with her orders.

2. Within fourteen days of the date of this order the parties shall meet and confer via telephone or over video conference in an effort to narrow and/or resolve this dispute; and

3. On or before **April 30, 2021**, if the parties have not resolved this dispute, they shall file a Joint Statement re Discovery Disagreement that complies with the Federal Rules of Civil Procedure, the Local Rules, and the undersigned's Standard Information and that addresses the amount of monetary sanctions sought by plaintiff and the calculation there of.

DATED: March 30, 2021                            /s/ DEBORAH BARNES
                                                 UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\chacko1837.mtc.cont.ord