UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY CHACKO, | No. 2:19-cv-1837 JAM DB |
| Plaintiff, | |
| v. | ORDER |
| AT&T UMBRELLA BENEFIT PLAN NO. 3, | |
| Defendant. | |

    Noticed for hearing before the undersigned on August 20, 2021, is a Status Conference regarding plaintiff's motion to compel. (ECF No. 67.) On August 13, 2021, the parties filed a Joint Statement re Discovery Disagreement. (ECF No. 82.) Therein, plaintiff complains that the defendant has produced responses that it knew, or should have known, were false. (JS (ECF No. 82) at 10.)

    In this regard, plaintiff informed defendant that responses it received "did not line up with the [defendant's] representations." (Id. at 11.) Specifically, reports offered in support disability findings "turned out to NOT support disability." (Id.) And "several reports did not support disability where the interrogatory responses indicated that the reviews led to an approved claim." (Id.) Plaintiff was not provided an explanation for this "until 8:29 p.m." on the day prior to the filing of the Joint Statement. (Id.) Defendant asserts that many of plaintiff's issues have been

"clarified by the Plan and the Plan continues to seek further clarification[.]" (Id. at 16.) It is difficult, if not impossible, for the undersigned to resolve a discovery dispute when the contours of that dispute are evolving and not fully briefed.

In a similar vein, the parties' current dispute also concerns defendant's compliance with the undersigned's August 11, 2020, order. (ECF No. 44.) Doing so required defendant to subpoena and then move to compel the production of documents from a third party, Sedgwick.[1] The motion to compel, however, was denied as defendant brought it before a court that was "neither the issuing court nor the court for the district where compliance is required." (Id. at 13.) Defendant asserts that it brought another motion in the proper court, which was granted on August 13, 2021, with production ordered by August 16, 2021. (Id. at 18-19.) The Joint Statement, however, was filed on August 13, 2021.

Finally, on August 13, 2021 defendant filed a motion for a protective order and noticed the motion for hearing on August 20, 2021. That amount of notice, however, fails to comply with Local Rule 251.

Accordingly, IT IS HEREBY ORDERED that:

1. The August 20, 2021 hearing of plaintiff's motion to compel (ECF No. 67) is continued **September 24, 2021**, at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27, before the undersigned;

2. The parties shall engage in further meet and confer attempts via telephone or over video conference in an effort to narrow and/or resolve this dispute;

////

////

////

---

[1] Defendant's relationship with Sedgwick is also apparently evolving. At one point, defendant asserted it had no authority to require Sedgwick to provide any documents in this action. (ECF No. 55 at 3.) The undersigned, however, found that argument was inconsistent with a contract between defendant and Sedgwick that provides that Sedgwick shall provide to defendant records, documentation, etc. (Id. at 2.) In the August 13, 2021 Joint Statement, defendant now asserts that defendant and Sedgwick have a joint defense agreement. (Id. at 7.)

3.  On or before **September 17, 2021**, if the parties have not resolved this dispute, they shall file a Joint Statement re Discovery Disagreement that complies with the Federal Rules of Civil Procedure, the Local Rules, and the undersigned's Standard Information[2]; and

4.  Defendant's August 13, 2021 motion for a protective order (ECF No. 84) is denied without prejudice to renewal.

DATED: August 17, 2021               /s/ DEBORAH BARNES
                                     UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\chacko1837.mtc.cont2.ord

---

[2] In drafting any future Joint Statement, it would be helpful to the undersigned if the Joint Statement more clearly articulated which argument was offered with respect to which item of discovery at issue.