UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY CHACKO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AT&T UMBRELLA BENEFIT PLAN NO. 3,<br><br>　　　　Defendant. | No.  2:19-cv-01837-JAM-DB<br><br>**ORDER DENYING PLAINTIFF'S RULE 60(b) MOTION FOR RELIEF** |

I.  BACKGROUND

Before the Court is Ruby Chacko's ("Plaintiff") motion for relief from the Court's April 27, 2020 Order at ECF No. 37 ("Prior Order") granting in part and denying in part her motion for reconsideration.[1]  See Pl.'s Mot. for Relief ("Mot."), ECF No. 87.  As relevant here, the Court denied Plaintiff's request to reconsider the Magistrate Judge's denial of discovery into the relationship between AT&T Umbrella Benefit Plan No. 3 ("Defendant") and its third-party administrator, Sedgwick.  Prior Order at 3-4.  The Court explained that it did not find "the Magistrate Judge's ruling denying Plaintiff's motion to compel as

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for October 19, 2021.

1

to the structural conflict-of-interest discovery to be clearly erroneous or contrary to law." Id. at 4.

Now over a year later, Plaintiff renews her request for discovery into Defendant and Sedgwick's relationship based upon "newly discovered evidence". See Mot. at 10-12. Defendant opposes this request. See Opp'n, ECF No. 101. Plaintiff replied. See Reply, ECF No. 103. After careful consideration of the parties' briefs, the Court DENIES Plaintiff's Motion.

## II.   OPINION

The parties first dispute the applicable legal standards. Opp'n at 4-6; Reply at 2-5. Plaintiff brings the motion under Rule 60(b). See generally Mot. However, as Defendant points out, Rule 60(b) applies only to final orders. Opp'n at 4-5. Rule 60(b) clearly states: "the court may relieve a party or its legal representative from a final judgment, order or proceeding." Fed. R. Civ. P. 60(b)(emphasis added). Likewise, the Ninth Circuit has instructed: "Rule 60(b) . . . applies only to motions attacking final, appealable orders." U.S. v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000); see also Corn v. Guam Coral Co., 318 F.2d 622, 629 (9th Cir. 1963) ("[T]he 'final' judgments, orders or proceedings referred to in the first sentence of [Rule 60(b)] . . . are those which terminate the litigation in the district court subject only to the right of appeal."). The order being attacked here is the Court's April 27, 2020 Order, denying reconsideration of the Magistrate Judge's decision to deny discovery into the Defendant and Sedgwick's relationship. See generally Mot. That is not a final order terminating the

2

litigation.  Corn, 318 F.2d at 629.

It is however irrelevant that Plaintiff characterized her motion as one for relief under Rule 60(b).  "[T]he label attached to a motion does not control its substance." U.S. v. State of Oregon, 769 F.2d 1410, 1414 n.4 (9th Cir. 1985) (internal citation omitted).  The substance of the present motion is a request to reconsider the denial of a previous motion for reconsideration.  The Court analyzes it as such below.

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.  But where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." Martin, 226 F.3d at 1049 (internal citation omitted).  "The authority of district courts to reconsider their own orders before they become final, absent some applicable rule or statute to the contrary, allows them to correct not only simple mistakes, but also decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal." Id.  The Eastern District local rule governing motions for reconsideration requires counsel to identify "the material facts and circumstances surrounding each motion for which reconsideration is sought, including: (1) when and to what Judge or Magistrate the prior motion was made; (2) what ruling, decision, or order was made thereon; (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and (4) why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. Local R. 230(j).

Here, Plaintiff argues new evidence showing Sedgwick is not a disinterested third-party warrants reconsideration of the denial of discovery into the relationship between Defendant and Sedgwick. Mot. at 10-11. That new evidence is an alleged joint defense agreement between Sedgwick and Defendant. Id. According to Plaintiff, the joint defense agreement "demonstrates that Sedgwick appears to have a vested interest in supporting whatever position is taken by AT&T and vice versa." Id. at 10. Thus, Plaintiff contends she is "entitled to the discovery previously sought to demonstrate the extent to which AT&T and Sedgwick are aligned together, and arguably against the interests of Plaintiff." Id. To support her argument, Plaintiff relies on Stephan v. Unum Life Insurance Company of America, 697 F.3d 917 (9th Cir. 2012). Id.

But that case is distinguishable. See 697 F.3d 917. In Unum, the plaintiff sought to discover communications "between Unum's claims analysts and Unum's in-house counsel about how the insurance policy under which [plaintiff] was covered ought to be interpreted and whether [plaintiff's] bonus ought to be considered monthly earnings within the meaning of the Plan." Id. at 932. Reversing the district court's denial of discovery of these communications, the Ninth Circuit relied heavily on the evidence of defendant-Unum's "history of biased-decisionmaking" in their claims administration. Id. at 934. Here by contrast, there is no evidence before the Court of a history of biased decisionmaking by Defendant. Additionally, Unum involved the discoverability of pre-litigation administrative review communications. See 697 F.3d 929-939. The Court thus agrees

with Defendant that Plaintiff "fails to show how that well-known exception to a fiduciary's attorney-client privilege has any connection to attorney-client communications made after the commencement of this litigation." Opp'n at 7.  For these reasons, Unum, along with the mere allegation of a joint defense agreement, do not persuade the Court reconsideration is warranted and that discovery into Defendant and Sedgwick's relationship should be ordered.

Lastly, each of the parties toss in a request for attorneys' fees and costs incurred as a result of this motion.  Opp'n at 4, 10; Reply at 1, 3.  But in making what is effectively a passing reference in their briefs, neither party demonstrates an entitlement to attorneys' fees and costs.  Further, while the Court finds the new evidence of a joint defense agreement to be insufficient to warrant reconsideration, the presentment of this evidence nonetheless complies with the local rule requirement of identifying new facts or circumstances.  E.D. Cal. Local R. 230(j).  Accordingly, both parties' requests for fees and costs are denied.

### III.   SANCTIONS

Plaintiff exceeded the Court's 5-page limit on reply memoranda. See Reply; see also Order re Filing Requirements ("Order") at 1, ECF No. 3-2.  Violations of the Court's standing order require the offending counsel, not the client, to pay $50.00 per page over the page limit to the Clerk of Court. Order at 1.  Moreover, the Court did not consider arguments made past the page limit.  Id.  Plaintiff's reply brief exceeded the

Court's page limit by 3 pages.  Accordingly, Plaintiff's counsel must send a check payable to the Clerk for the Eastern District of California for $150.00 no later than seven days from the date of this order.

## IV.  ORDER

For these reasons set forth above, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated: November 24, 2021

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE